UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOE ANGEL GOMEZ, INDIVIDUALLY AND AS NEXT FRIEND OF J.L.G. AND J.A.G., MINORS AND AS REPRESENTATIVE OF THE ESTATE OF LINDA OLIVAREZ, DECEASED AND HEIR TO LINDA OLIVAREZ; ANTONIA OLIVAREZ, INDIVIDUALLY AND AS NEXT FRIEND OF F.F. AND J.O. MINORS AND HEIR TO LINDA OLIVAREZ; GILBERT OLIVAREZ, INDIVIDUALLY AND HEIR TO LINDA OLIVAREZ; XAVIER ANDRADE, AS NEXT FRIEND OF N.A.A., N.A.A., N.A.A. AND X.A. MINORS.; AND ALL PLAINTIFFS, ALL PLAINTIFFS; § § § § § § § § § § § § § § § | CIVIL NO. SA-15-CV-00866-JKP |

**Plaintiffs,**

v.

**FORD MOTOR COMPANY,**

**Defendant.**

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Ford Motor Company's Motion for Summary Judgment. (Doc. No. 247). After due consideration, the Court concludes the motion is **DENIED**.

This Court may grant summary judgment only if the movant shows there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The movant bears the initial burden of identifying the portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982). To meet its burden, the

moving party must either: (1) present evidence that negates the existence of some material element of the nonmoving party's claim; or (2) point out the nonmoving party lacks sufficient evidence to prove an essential element of its claim. *Celotex*, 477 U.S. at 331; *McKee v. CBF Corp.*, 299 F. App'x 426, 428 (5th Cir. 2008). While all evidence and reasonable inferences are viewed in the light most favorable to the nonmovant, and all disputed facts are resolved in favor of the nonmovant, the judge's function "is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson*, 477 U.S. at 249); *see also Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

Ford Motor Company moved for summary judgment on one specific ground: Plaintiffs do not have necessary expert-witness opinion testimony or opinion sufficient to support its causes of action, and for this reason, it is entitled to summary judgment as a matter of law. The Court finds a genuine dispute of material fact exists whether the expert report presented constitutes a sufficient opinion to support the asserted causes of action. Accordingly, the Court concludes Ford Motor Company's Motion for Summary Judgment must be DENIED.

It is so ORDERED.

SIGNED this 3rd day of October 2019.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE